**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JONATHAN SCOTT GRAHAM,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2114-D** |
| | ) | |
| **TOMMY SHARP, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Jonathan Scott Graham, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). Doc. 1. United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Upon preliminary review, the Court determined the Petition was potentially subject to dismissal and ordered Petitioner to show cause why his Petition should not be dismissed for failure to state a § 2241 claim upon which relief can be granted. Doc. 6. The Court additionally ordered Petitioner either to pay the required $5.00 filing fee or, alternatively, to file a motion to proceed in forma pauperis. *Id.* For the reasons set forth below, the undersigned recommends dismissal of the Petition without prejudice.

## I. Petition

A § 2241 petition is "generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to [28 U.S.C.] § 2254 habeas . . . proceedings, which are used to collaterally

attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citation modified). Petitioner alleges no facts challenging the execution of his sentence.

Instead, Petitioner seeks to challenge his underlying conviction and sentence in an unspecified case in the District Court of Oklahoma County, Oklahoma. *See generally* Doc. 1. As such, a petition under § 2254 "is the proper avenue for attacking the validity of [his] conviction and sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *see also Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009) ("[A state prisoner's] § 2241 habeas petition can only challenge the execution of his sentence, not the validity of his conviction and the original sentence.").

However, the Court informed Petitioner that it would decline to liberally construe the Petition and recharacterize it as a petition brought under § 2254 because the Court lacks jurisdiction to hear a second or successive § 2254 petition and Petitioner has previously been denied relief in § 2254 habeas actions challenging his conviction and sentence. Doc. 6 at 2-3 (citing cases).

The Court informed Petitioner that it appears the relief he requests cannot be granted and ordered him to "**show cause in writing** why his Petition should not be dismissed for failure to present a § 2241 claim that entitles him to relief." *Id*. at 4. The deadline for Petitioner's response to the order to show cause was September 8, 2026. *Id.* A review of the Court's ECF docket indicates Petitioner has not responded to the order to show cause; nor has he sought an extension of time in which to do so.

Accordingly, the undersigned recommends dismissing the Petition for failure to state a § 2241 claim upon which relief can be granted. *See Straley*, 582 F.3d at 1213 ("[A state prisoner's] § 2241 habeas petition can only challenge the execution of his sentence, not the validity of his conviction and the original sentence.").

## II. Filing Fee

The Court also instructed that, "though it appears the Court will be unable to grant the relief Petitioner seeks, if Petitioner wishes the action to move forward, he must also either pay the required $5.00 filing fee or, alternatively, file a motion to proceed in forma pauperis." Doc. 6 at 4. The deadline for Petitioner's filing fee or motion to proceed in forma pauperis was September 8, 2026. *Id.* A review of the Court's ECF docket indicates Petitioner has not responded to the order to show cause; nor has he sought an extension of time in which to do so.

Accordingly, as an alternative ground for dismissal, the undersigned recommends dismissing the action without prejudice for failure to comply with the Court's Order and rules. *See* LCvR3.2(b) (mandating payment of filing fee "or the matter may be subject to dismissal without prejudice"); *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("Dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." (citation modified)).

## III. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** the Petition, Doc. 1, without prejudice. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the

Clerk of Court not later than **October 14, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 23rd day of September, 2026.

Chris M. Stephens
______________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE