**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JONATHAN S. GRAHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-2114-D |
| | ) | |
| TOMMY SHARP, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Petitioner Jonathan Scott Graham, a pro se Oklahoma prisoner, brought this action seeking habeas relief pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. No. 5].

On August 17, 2026, Judge Stephens ordered Petitioner to show cause why this action should not be dismissed for failure to present a § 2241 claim entitling him to relief. [Doc. No. 6]. Specifically, Judge Stephens found that Petitioner may not challenge his conviction and sentence through a § 2241 petition. *Id.* at 1-2. Judge Stephens further declined to convert the § 2241 petition to one brought under § 2254 because the Court lacks jurisdiction to hear a second or successive § 2254 petition brought by Petitioner. *Id.* at 2-3. Judge Stephens directed Petitioner to show cause against dismissal on or before September 8, 2026.

Petitioner failed to timely show cause or request additional time to do so. On September 23, 2026, Judge Stephens issued a Report and Recommendation [Doc. No. 7],

in which he recommends that the Court dismiss this action without prejudice for Petitioner's failure to show cause why this action should not be dismissed. In his report, Judge Stephens notified Petitioner of his right to file an objection to the report on or before October 14, 2026, and that failure to object waives Petitioner's right to appellate review of both factual and legal issues contained in the report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Upon review of the file and noting no timely objection to the findings and recommendations of Judge Stephens, the Court **ADOPTS** the Report and Recommendation [Doc. No. 7] in its entirety.

For the reasons stated therein, Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE**. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 5th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE